BRISCOE, J.,
dissenting:
Remarkably, in the face of an uncontroverted factual record that establishes Officer Rodriguez had probable cause to search Montes-Ramos’ vehicle prior to “the sniff,” the majority chooses to order suppression of the evidence found in the vehicle, and presumably thereby undo Montes-Ramos’ conviction, because the government has purportedly “waived” any argument that probable cause existed. I strongly disagree with both the majority’s analysis and its outcome.
I
Recently, in United States v. Cruz-Rodriguez, 570 F.3d 1179 (10th Cir.2009), we distinguished between “waiver” and “forfeiture” in the context of a criminal case. “Waiver,” we noted, “is the intentional relinquishment or abandonment” of an issue, whereas “ ‘forfeiture is the failure to make the timely assertion’ ” of an issue. Id. at 1183 (quoting United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted)). “In other words,” we held, “waiver is accomplished by intent, but forfeiture comes about through neglect.” Id. (internal quotation marks omitted). In turn, we noted that these two concepts have a significant impact on “the availability of appellate review....” Id. Issues that have been merely forfeited remain eligible for appellate review. Id. Issues that have been waived, however, are not subject to appellate review. Id.
Applying those principles here, the government’s failure to sufficiently argue the issue of probable cause at the time of the suppression hearing could be described as neglectful. But, reviewing the entire record, it cannot seriously be asserted that the government intentionally abandoned that issue. As a general matter, the government vigorously opposed Montes-Ramos’ motion to suppress and argued that the evidence seized from his vehicle should be deemed admissible. After persuading the district court to uphold Officer Rodriguez’s sniff search on safety grounds, there was no need for the government to argue probable cause as an alternative basis for the search. In this appellate forum, with the search again at issue, the government has properly seen fit to offer alternative rationales for the search, including probable cause. In particular, the government’s appellate brief expressly asserts that “Officer Rodriguez’ sniff ‘stemmed from some probable cause focusing suspicion on the individual affected by the search.’” Aplee. Br. at 19-20 (quoting New York v. Class, 475 U.S. 106, 117-18, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986)). In support of that argument, the government notes that “before Officer Rodriguez intruded into the car’s airspace, he had ... observed evidence that led him to believe that Montes’ car contained a load of narcotics,” and that “[tjhese observations provided a sufficient connection between Montes and the subsequent intrusion and support upholding the search.” Id. at 20. Consequently, we are not, as the majority erroneously asserts, dealing with a waiver. Rather, we are, at most, dealing with a *395 potential forfeiture of the probable cause argument due to the government’s failure to assert it below.
“Although a litigant’s failure to raise an argument before the district court generally results in forfeiture on appeal, forfeiture is not jurisdictional.” United States v. Jarvis, 499 F.3d 1196, 1201 (10th Cir.2007). “Whether to address the argument despite the litigant’s failure to raise it below is subject to this court’s discretion based on the circumstances of the individual case.” Id. “For example, the Supreme Court has indicated appellate courts might be justified in resolving an issue for the first time on appeal ‘where the proper resolution is beyond any doubt or where injustice might otherwise result.’” Id. at 1201-02 (quoting Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). Consistent with Singleton’s direction, this court has exercised its discretion to hear issues raised for the first time on appeal where “no additional findings of fact or presentation of evidence were required for the issue’s disposition and both parties had the opportunity to address the issue in their appellate briefing.” Id. at 1202.
A review of the record in this case establishes that it fits cleanly within the narrow exception identified in Jams. To begin with, the suppression proceedings below, which included Officer Rodriguez’s descriptive testimony regarding the details of the stop, “resulted in a record of amply sufficient detail and depth from which the [probable cause] determination may be made.” United States v. McSwain, 29 F.3d 558, 562 (10th Cir.1994) (internal quotation marks omitted). Consequently, “no additional findings of fact or presentation of evidence [a]re required for ... disposition” of the probable cause issue.[1] Jams, 499 F.3d at 1202; see Crescent City Live-Stock Landing & Slaughter-House Co. v. Butchers’ Union Slaughter-House & Live-Stock Landing Co., 120 U.S. 141, 149, 7 S.Ct. 472, 30 L.Ed. 614 (1887) (“[W]hen there is no dispute of fact, the question of probable cause is a question of law....”). Further, as noted, the government has argued the issue of probable cause in its appellate brief, and Montes-Ramos has responded directly to that argument. Aplt. Reply Br. at 5-7 (arguing that Class, the Supreme Court case cited by the government, is distinguishable from the instant case). Thus, “both parties [have] had the opportunity to address the issue [of probable cause] in their appellate briefing.” Jarvis, 499 F.3d at 1202.
The public’s long-recognized interest in the “conviction of guilty criminals,” United States v. Murphy, 41 U.S. 203, 211, 16 Pet. 203, 10 L.Ed. 937 (1842), also, I believe, weighs in favor of reaching the issue of probable cause. As the majority opinion makes clear, Officer Rodriguez’s sniff search of Montes-Ramos’ vehicle can only be justified, and in turn the evidence seized from that vehicle can only be deemed admissible, if there was probable cause for the search. In other words, absent our consideration of the probable cause issue, the evidence -will be suppressed and, in turn, Montes-Ramos’ otherwise valid conviction will be set aside. Thus, I believe the interests of justice compel us to exercise our discretion and resolve the probable cause issue.
II
Probable cause to search an automobile exists “where the known facts and cireum *396 stances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.” Ornelas v. United States, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (citations omitted); see also United States v. Concepcion-Ledesma, 447 F.3d 1307, 1316 (10th Cir.2006) (examining whether “the facts observed by the law enforcement officers indicate a fair probability that the vehicle contains contraband or evidence”). We view the facts “from the standpoint of an objectively reasonable police officer.” Ornelas, 517 U.S. at 696, 116 S.Ct. 1657. “[W]e must look at the totality of the circumstances of each case to see whether the detaining officer ha[d] a particularized and objective basis for suspecting legal wrongdoing.” Concepcion-Ledesma, 447 F.3d at 1316 (quoting United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002)) (internal quotation marks omitted).
According to the record on appeal, Officer Rodriguez observed a blanket covering large bundles in the back seat, with burlap visible where a bundle was not covered by the blanket. Rodriguez testified that one method of shipping marijuana is to pack it into bricks wrapped with burlap cloth. Based on Rodriguez’ experience with the transportation of controlled substances, which included two drug busts that involved the use of burlap to transport contraband, Rodriguez determined that the visual appearance of the bundles was consistent with the packaging of contraband and not with the packaging of legal agricultural products. Id. at 14-16, 47-48.[2]
Additional facts known to Rodriguez, in combination with his observation of packaging consistent with contraband, in my view established a fair probability that the vehicle contained contraband. See United States v. Sparks, 291 F.3d 683, 691 (10th Cir.2002) (concluding that officer’s recognition of 2 x 2 inch bags in the front seat of a vehicle “as being the ‘size and type used to distribute drugs,’ ” combined with other facts known to the officer at the time, established probable cause to search the vehicle). Montes-Ramos was driving along Highway 80, “a known drug-smuggling route.” Dist. Ct. Mem. Op. at 1. Montes-Ramos’ temporary registration permit had been placed on the vehicle in violation of state law and in such a manner as to be virtually unreadable while the vehicle was in motion. The burlap bundles in the back seat of Montes-Ramos’ car were covered almost entirely with a blanket. That one would attempt to conceal the bundles from view is more consistent with an attempt to conceal contraband than with the transport of lawful agricultural products. Finally, Montes-Ramos was northbound and traveling away from the Mexican border, which is consistent with Rodriguez’ suspicion that Montes-Ra *397 mos was smuggling drugs into the country. Cf. United States v. Valenzuela, 365 F.3d 892, 901 (10th Cir.2004) (rejecting the government’s contention that mere proximity to the border, by itself, would constitute probable cause, without ruling out proximity to the border as a factor in the probable cause analysis).
For the foregoing reasons, I respectfully DISSENT and would affirm both the district court’s denial of Montes-Ramos’ motion to suppress and the judgment of conviction.

. This is also consistent with our well established rule that we may "affirm a district court on a previously unexplored ground," so long as there is a record sufficient to permit any necessary conclusions of law. United States v. Pursley, 577 F.3d 1204, 1224 (10th Cir.2009).

. Although Rodriguez did not explain more fully why he thought the packaging conformed to the smuggling of marijuana and not to the shipment of legal products, it is well-established that "a police officer may draw inferences based on his own experience in deciding whether probable cause exists.” Ornelas, 517 U.S. at 700, 116 S.Ct. 1657 (citing United States v. Ortiz, 422 U.S. 891, 897, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975)). As a reviewing court, we must "defer to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions.” United States v. Santos, 403 F.3d 1120, 1124 (10th Cir.2005) (citations and internal quotation marks omitted). As the district court generally accepted Rodriguez’ testimony and specifically accepted his observation that the packaging indicated contraband, see generally Dist. Ct. Mem. Op. at 3, 7, we must give "due weight” to the district court’s findings and accept Rodriguez' testimony, even though it was rather conclusory, Ornelas, 517 U.S. at 700, 116 S.Ct. 1657 ("An appeals court should give due weight to a trial court's finding that the officer was credible and the inference was reasonable.”).